951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sunny GIN, aka Sunny King; Anzan Canne, Defendant-Appellant.
 No. 91-50389.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1991.*
Decided Dec. 16, 1991.
 
 Before FARRIS, PREGERSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sunny Gin was convicted of failure to surrender for service of sentence in violation of 18 U.S.C. § 3146(a)(2). He was sentenced to eighteen months imprisonment, a year of supervised release, 100 hours of community service, and fined $20,000.00. He appeals on several grounds. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm.
 
 
 3
 A person convicted and sentenced for a felony punishable by imprisonment for a term of less than five years who fails to surrender for service of sentence commits another felony punishable by imprisonment for not more than two years and/or a fine. 18 U.S.C. § 3146(b)(1)(A)(iii). In 1987, Defendant Gin was convicted of making a false statement in a credit application in violation of 18 U.S.C. § 1014, an offense which then carried a maximum prison term of two years.[1] Upon sentencing, the court released Gin with an order to surrender himself into custody three weeks later. He absconded. He was arrested in 1990 and received the instant sentence. This sentence complies with 18 U.S.C. § 3146(b)(1)(A)(iii). We therefore conclude that the eighteen-month imprisonment term was well within the discretion of the district court judge.
 
 
 4
 Gin also argues that the fine is improper because the district court failed to make a specific finding that he could pay the fine. This argument was not raised before the district court. We recently refused to hear a similar claim of an improper fine where this issue was raised for the first time on appeal. United States v. Mondello, 927 F.2d 1463, 1468 (9th Cir.1991). We similarly refuse to consider Gin's claim that the fine was improper.
 
 
 5
 Gin further argues that he should receive prison credit for the two weeks he was released after completing the initial six months of his incarceration. We refuse to grant two weeks credit which can only be given for time served. 18 U.S.C. § 3568; Thomas v. Brewer, 923 F.2d 1361, 1368 (9th Cir.1991).
 
 
 6
 The district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In 1989, the statutory maximum sentence was amended to thirty (30) years. Pub.L. 101-73, § 961(h)